UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FELIX MARTINEZ,

    Plaintiff,

v.

NPAS, INC., and PALMS WEST HOSPITAL
LIMITED PARTNERSHIP,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff FELIX MARTINEZ ("Plaintiff") sues Defendant NPAS, INC. and Defendant PALMS WEST HOSPITAL LIMITED PARTNERSHIP (collectively, the "Defendants") for violations of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.    Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

3.    Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

5. Defendant NPAS, Inc. ("Defendant-DC") is Tennessee, with its principal place of business located in Nashville, Tennessee.

6. Defendant-DC engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant-DC was acting as a debt collector in respect to the collection of Plaintiff's debts.

8. Defendant Palms West Hospital Limited Partnership ("Defendant-Creditor") is Delaware limited partnership, with its principal place of business located in Nashville, Tennessee.

9. At all times material, Defendant-Creditor was the creditor of the debts Defendant-DC sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

10. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

11. On or about November 24, 2018, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Medical Services").

12. A portion of the required Medical Services were provided by Defendant-Creditor.

13. At the time Defendant-Creditor provided and/or rendered its (Defendant-Creditor's) respective Medical Services to Plaintiff, Plaintiff informed Defendant-Creditor that the injuries for which Plaintiff required medical treatment and/or services, i.e., the Medical Services,

PAGE | **2** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

were due to an accident and subsequent injuries that occurred within the course and scope of Plaintiff's employment.

14. Defendant-Creditor charged a fee for the provision of its (Defendant-Creditor's) respective Medical Services (the "Consumer Debt").

15. The Consumer Debt arose from Plaintiff's work-related accident and injuries.

16. On a date better known by Defendant-DC, Defendant-DC began attempting to collect the Consumer Debt from Plaintiff.

17. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

18. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

19. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

21. Defendant-DC's "Consumer Collection Agency" license number is CCA9902869.

22. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

23. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

24. On a date better known to Defendant-DC, Defendant-DC sent a collection letter, internally dated February 26, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

25. The Collection Letter is a communication from Defendant-DC to Plaintiff in connection with the collection of a debt.

26. The Collection Letter represents an action to collect a debt by Defendant-DC.

*COUNT I.*
**VIOLATION OF 15 U.S.C. § 1692e & § 1692e(2)(A)**
(*against Defendant-DC*)

27. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein.

28. Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

29. Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

30. An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

31. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. 1692e(2)(A). (emphasis added).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32. As stated above, Defendant-DC mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter, however, causes the least sophisticated consumer to believe that he or she is otherwise responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Defendant-Creditor, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

33. As such, by mailing the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, Defendant-DC falsely misrepresented Plaintiff's obligation with respect to the Consumer Debt. For example, by and through the Collection Letter, Defendant-DC wrongfully causes the least sophisticated consumer to falsely believe that he or she was responsible for the repayment of the Consumer Debt.

34. Thus, in light of the above, Defendant-DC violated § 1692e and § 1692e(2)(A) of the FDCPA by mailing the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt.

35. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. §1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

### COUNT II.
### VIOLATION OF FLA. STAT. § 559.72(9)
(*against Defendant-DC*)

36. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

37. Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

38. Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

39. An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

40. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist*." Fla Stat. § 559.72(9) (emphasis added).

41. Here, Defendant-DC knew that the Consumer Debt was the result of an accident and injuries sustained by Plaintiff in the course and scope of Plaintiff's employment. Moreover, Defendant-DC knew Defendant-Creditor could not collect or receive a fee from an injured employee within the state of Florida except as otherwise explicitly permitted by Florida statute, and Defendant-DC knew that an employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment.

42. Despite knowing that Defendant-Creditor did not have any entitlement or authority to collect the Consumer Debt from Plaintiff directly, Defendant-DC mailed the Collection Letter

PAGE | **6** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to Plaintiff in an attempt to collect the Consumer Debt. Thus, in light of the above, Defendant-DC violated § 559.72(9) of the FCCPA by mailing the Collection Letter to Plaintiff.

43. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

(a) Statutory damages as provided under Fla. Stat. §559.77(2);

(b) An injunction prohibiting Defendant-DC from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d) Any other relief that this Court deems appropriate under the circumstances.

### *COUNT III.*
### **VIOLATION OF FLA. STAT. § 559.72(5)**
(*against Defendant-Creditor*)

44. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint as though fully stated herein.

45. Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

46. Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

47. An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

48. Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

49. 49. As stated above, the Consumer Debt is the result of an accident and injuries sustained by Plaintiff in the course and scope of Plaintiff's employment. Defendant-Creditor knew that Plaintiff's injuries were the result an accident and injuries sustained by Plaintiff in the course and scope of his employment, as such information as relayed to Defendant-Creditor at the time Defendant-Creditor provided and/or rendered its (Defendant-Creditor's) respective Medical Services to Plaintiff. As such, Defendant-Creditor knew that it (Defendant-Creditor) could not collect or receive a fee from an injured employee within the state of Florida, and Defendant-Creditor knew that an employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment.

50. Despite knowing that it (Defendant-Creditor) did not have any entitlement or authority to collect the Consumer Debt from Plaintiff, Defendant-Creditor, nevertheless, referred the collection of the Consumer Debt to Defendant-DC. In so doing, Defendant-Creditor knowingly disclosed to Defendant-DC information affecting Plaintiff's reputation that Defendant-DC did not have a *legitimate* business need for and/or information that was false.

51. Thus, in light of the above, Defendant-Creditor violated § 559.72(5) of the FCCPA by referring the collection of the Consumer Debt to Defendant-DC for collection.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

52. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiff the following relief:

(a) Statutory damages as provided under Fla. Stat. §559.77(2);

(b) An injunction prohibiting Defendant-Creditor from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d) Any other relief that this Court deems appropriate under the circumstances.

DATED: November 7, 2019

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:   855-529-9540

**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.com
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone:   (561) 236-8851
Fax:   (561) 431-2352

**JOEL A. BROWN, ESQ.**
Florida Bar No.: 66575
E-mail: joel.brown@friedmanandbrown.com
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone:   (954) 966-0111

*COUNSEL FOR PLAINTIFF*